UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JILLIAN JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-14-CA-281-OLG (HJB) |
| | § | |
| WORLD ALLIANCE FINANCIAL | § | |
| CORP., and REVERSE MORTGAGE | § | |
| SOLUTIONS, INC., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendants' Motion to Dismiss for Lack of

Subject Matter Jurisdiction and Failure to State a Claim.  (Docket Entry 7.)  Dispositive pretrial

matters have been referred to the undersigned for recommendation pursuant to Western District of

Texas Local Rule CV-72 and Appendix C.  (*See* Docket Entry 11.)  For the reasons set out below,

I recommend that the Motion be **DENIED**.

**I.      Jurisdiction.**

The district court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1)

because the plaintiff and defendants are citizens of different states and the amount in controversy

exceeds $75,000.  I have jurisdiction to issue this recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(B).

## II.    Background.

This case concerns property located at 123 Hudson Drive, Del Rio, Texas in Val Verde County ("the Property"). (Docket Entry 7-2, at 1.) Plaintiff's now-deceased husband, Jay Johnson ("Decedent") and his former wife, Barbara Baker, signed a security instrument secured by a lien on the Property in 2001. (Docket Entry 1, at 2; Docket Entry 7-3, at 1.) When Decedent and Baker divorced in March 2008, Baker was awarded a second, $50,000 "owelty" lien on the Property ("Baker lien"). (Docket Entry 1, at 2.)

On April 18, 2009, Decedent executed a Home Equity Conversion Security Instrument, commonly known as a reverse mortgage, with Defendant World Alliance Financial Corp. ("World Alliance"). (Docket Entry 7-2, at 1.) World Alliance was listed as the beneficiary under the security instrument, and Defendant Reverse Mortgage Solutions, Inc. ("RMS") was the servicer of the note and mortgage. (*Id.*; Docket Entry 1, at 2.) At closing, the 2001 lien was paid off by World Alliance; according to Plaintiff, the Baker lien was not paid. Plaintiff asserts that the Baker lien was payable by its terms, and all existing liens were required to be paid off or subordinated when the reverse mortgage was issued. (*Id.*)

Decedent married Plaintiff on November 20, 2010. (*Id.*) In August 2011, Baker foreclosed on the her lien, buying the Property at the non-judicial foreclosure sale, obtaining a substitute trustee's deed, and taking control of the Property. (*Id.* at 3; Docket Entry 7, at 2.) That same month, RMS filed suit in state court in Val Verde County to invalidate the foreclosure sale and the deed obtained by Baker. (Docket Entry 7, at 2.) On November 30, 2012, while the suit was still pending, Decedent passed away. (Docket Entry 1, at 3.)

2

On June 5, 2013, the state court district judge entered judgment in the Val Verde County case, ruling, among other things, that Decedent's entering into and signing the reverse mortgage documents on April 18, 2009, was not a sale, and that the trustee's deed obtained through foreclosure by Baker was void. (Docket Entry 7-3.) Baker appealed the judgment, but the case was dismissed with prejudice upon Baker's request. (Docket Entry 7, at 2–3; Docket Entry 10, at 9.)

On March 27, 2014, Plaintiff filed suit in the instant case, alleging that Defendants' failure to pay off the Baker lien was a violation of the United States Department of Housing and Urban Development ("HUD") regulations, a breach of contract, and a violation of the Texas Debt Collection Practices Act ("TDCA"). (Docket Entry 1.) Defendants have moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction, and alternatively, for failure to state a claim upon which relief may be granted. (Docket Entry 7.)

## III.   Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss an action for lack of subject matter jurisdiction. "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain the plaintiff cannot prove any set of facts in support of her his claim that would entitle plaintiff to relief." *Choice Inc. of Texas. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). In considering a motion to dismiss, the district court must accept as true the allegations and facts set forth in the complaint and may consider other matter of fact which may be in dispute. *Choice Inc. of Tex.*, 691 F.3d at 714. A district court can therefore dismiss for lack of subject matter jurisdiction on the basis of: (1) the complaint alone; (2) the complaint supplemented by undisputed facts

3

evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.*

Defendants argue that this Court does not have subject matter jurisdiction over this case because (1) Plaintiff lacks standing to assert her claims and (2) relief is barred by the *Rooker-Feldman* doctrine.[1]  I address each argument in turn.

## A.    *Standing.*

Defendants argue that the Court should dismiss Plaintiff's claims under Rule 12(b)(1) because she lacks standing. (Docket Entry 7, at 6.) Defendants contend that Plaintiff's assertion of standing under Chapter 453 of the Texas Estates Code is baseless because the Property is not community property upon which she may bring suit. (*Id.*) They assert that the Property was separate property awarded to Decedent prior to his marriage to Plaintiff. (*Id.* at 7.)

Plaintiff does not dispute that the Property itself was the separate property of Decedent; instead, Plaintiff claims she has standing to sue for the damages associated with Defendants' mishandling of the loan, "including loss of use of the homestead property; loss of rental value of the homestead property; repair costs; and loss of personal property which was destroyed or lost during the Baker occupation of the property." (Docket Entry 10, at 2–3; Docket Entry 1, at 4.)  Plaintiff further argues that she has a legal interest in the Property created by the Texas Constitution because a surviving spouse may continue to use and occupy a homestead property that was the separate property of a deceased spouse. (Docket Entry 10, at 3.)

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

Plaintiff's basis for suit against Defendants is § 453.003 of the Texas Estates Code, which reads "[i]f there is no qualified executor or administrator of a deceased spouse's estate, the surviving spouse, as the surviving partner of the marital partnership, may . . . sue and be sued to recover community property . . . [and] collect claims due to the community estate." TEX. EST. CODE ANN. § 453.003 (West 2014). There is no dispute that there was no qualified executor or administrator of Decedent's estate. Accordingly, under the plain language of § 453.003, Plaintiff, as the surviving spouse of Decedent, has the power to sue for the recovery of community property without qualifying as a community administrator and to collect claims due the community estate. *Coleman v. Winn-Coleman, Inc.*, 110 S.W.3d 104, 110 (Tex. App.—Houston [1st Dist.] 2003, no pet.)

"Community property is defined as all property and pecuniary rights obtained by, or in the name of, either spouse after the marriage, by toil, talent, thrift, energy, industry, or other productive faculty, and all the rents, issues, profits, fruits, and revenues of separate property." *Bush v. Bush*, 336 S.W.3d 722, 740 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Under this definition, rents and revenues from separate property are community property. *McElwee v. McElwee*, 911 S.W.2d 182, 188–89 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Accordingly, even if the Property is separate property, any rent from the Property would constitute community property under § 453.003. Plaintiff's powers therefore include the power to sue to recover any rents from the Property and to collect any other claims due the community estate. *See Coleman*, 110 S.W.3d at 110.

Additionally, "[u]nder Texas law, a spouse has a homestead interest in the other spouse's separate property even after the spouse who owns full fee simple title to the property dies." *In re Odes Ho Kim*, 748 F.3d 647, 660 (5th Cir. 2014). "The surviving spouse is entitled to live on what was the deceased spouse's separate property so long as its homestead character is maintained by the

surviving spouse." *Id.*; TEX CONST. art. XVI, § 52. Therefore, even if the Property is separate property of Decedent, Plaintiff has homestead rights in that property, assuming Plaintiff can prove the Property is being utilized as her homestead. *In re Odes Ho Kim*, 748 F.3d at 660. The Fifth Circuit has recently stated that "[h]omestead rights have *some* value *to a spouse*, separate and apart from an ownership interest in the real property on which homestead rights are impressed." *Id.* at 661 (emphasis in original). It is true that the Fifth Circuit has declined to determine the standard for "the calculation of the economic value of a spouse's homestead rights when that spouse has only a possessory interest in the real property by virtue of its homestead character." *Id.* As a result, although Plaintiff may have a claim to recover from her loss of use of homestead property, any damages she might be entitled to could be limited. But this does not affect her standing to bring her claims under § 453.003 of the Estates Code and the Texas Constitution.[2]

**B.    Rooker-Feldman *Doctrine*.**

Defendants also argue that Plaintiff's claims should be dismissed for lack of jurisdiction because they are barred under the *Rooker-Feldman* doctrine. (Docket Entry 7, at 8.) They claim the issues in this case are inextricably intertwined with the prior state court judgment, thus barring any federal judicial review of Plaintiff's claims. (*Id.*) Plaintiff responds that the doctrine does not apply to her case because she was not a party to the prior suit and that she is suing for injuries caused by Defendants, not for injuries caused by the prior judgment in favor of RMS. (Docket Entry 10, at 4.)

The *Rooker-Feldman* doctrine precludes federal district courts from exercising subject matter jurisdiction over collateral attacks on state court judgments. In the past, the doctrine was sometimes

---

[2] If damages are limited, it could conceivably affect the amount in controversy as required for § 1332 jurisdiction. Defendants have not made this argument, however.

"construed to extend far beyond the contours of the *Rooker* and *Feldman* cases"; however, the United States Supreme Court has clarified that the *Rooker-Feldman* doctrine is confined solely to those cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because Plaintiff was not a party to the state court suit, she was not the "loser" in that case. To the contrary, to the extent the state court judgment affected Plaintiff's interests, it vindicated her rights by voiding the Baker foreclosure.

Additionally, Plaintiff's claims do not "seek to overturn the state-court judgment," and they are not "inextricably intertwined" with the prior state-court judgment. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381–83 (5th Cir. 2013). Plaintiff claims that, by failing to pay off the Baker lien and purporting to put the reverse-mortgage lien in a position of priority over the Baker lien, Defendants triggered Baker's foreclosure rights; she further claims that Defendants' failure to act in a timely way to prevent or void the foreclosure and remove Baker from the property resulted in damages to Plaintiff. (Docket Entry 1, at 2–4.) These claims do not seek to challenge the state court's judgment – they challenge actions by Defendants before the judgment was entered. Because the claims are plainly "for injuries caused by the [Defendants'] actions, not injuries arising from the" state-court judgment, *Truong*, 717 F.3d at 383. *Rooker-Feldman* is not applicable to them.

## IV.     Motion to Dismiss for Failure to State a Claim.

Rule 12(b)(6) authorizes dismissal of a cause of action in a complaint when it fails "to state a claim upon which relief can be granted." A claim can be dismissed only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."

*Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted). For a claim to survive a motion to dismiss, the plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A.   *Breach of Contract.*

Defendants seek dismissal of Plaintiff's claim for breach of contract on the basis that she does not have privity of contract on the loan documents. (Docket Entry 7, at 10.) Defendants argue that the only privity concerning the mortgage agreement is between Decedent and Defendants. (*Id.* at 11.) Plaintiff responds that she is authorized to recover from a breach of contract under § 453.003 of the Estates Code even though she is not in privity of contract with Defendants. (Docket Entry 10, at 5.) As discussed above, Plaintiff may bring suit against Defendants to recover community property pursuant to § 453.003 because there is no qualified executor or administrator to bring suit on behalf of Decedent's estate. *See* TEX. EST. CODE ANN. § 453.003 (West 2014). Accordingly, the lack of privity is irrelevant, and Defendants' motion to dismiss the breach-of-contract claim fails.

### B.   *Texas Debt Collection Practices Act.*

Defendants also move to dismiss Plaintiff's claims under the TDCA. (Docket Entry 7, at 11.) Defendants argue that the definition of "debt collector" under the TDCA does not include a consumer's creditors or a mortgage servicing company. (*Id.*) Plaintiff responds that lien holders and debt servicers are in fact considered "debt collectors" under recent Fifth Circuit precedent. (Docket Entry 10, at 6–7.) Plaintiff is correct; the Fifth Circuit has recently held that mortgage "servicers and assignees *are* debt collectors, and therefore *are* covered, under the TDCA." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). Accordingly, Defendants' argument concerning their status as debt collectors under the TDCA fails.

V.    **Conclusion and Recommendation.**

Based on the foregoing, I recommend that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Docket Entry 7) be **DENIED.**

VI.    **Instructions For Service And Notice of Right to Object/Appeal.**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.   Written objections to this report and recommendation must be filed **within fourteen days** after being served with a copy of same, unless this time period is modified by the district court.   28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).   The party shall file the objections with the clerk of the court, and serve the objections on all other parties.   A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.   A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.   *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).   Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on June 20, 2014.

Henry J. Bemporad
United States Magistrate Judge